IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHUKWUMA E. AZUBUKO       *

Plaintiff                 *

v.                        *       Civil Action No. JKB-11-1671

BOSTON POLICE OFFICER #75647,    *
BOSTON POLICE OFFICER PREACHER,
MICHAEL W. NEIGBORS,             *
CHRISTOPHER WU,
MARY ANN, and                    *
EDWARD R. REDD
                                 *

Defendants

*** 

# MEMORANDUM

The above-captioned case was filed on June 16, 2011, along with a motion to proceed in forma pauperis. The complaint concerns claims against Boston, Massachusetts, police officers. ECF No. 1. Plaintiff lists his address as Boston, Massachusetts. This is the second action filed by plaintiff this month which concerns persons living in Boston and events taking place there. No discernible basis exists for filing the action in Maryland.

Upon review of court records in the United States District Court for the District of Massachusetts, it is clear why plaintiff has chosen to file his civil actions in this court. He has been barred from filing claims in the Massachusetts court because of his past abusive filings. *See Azubuko v. Boston Police Officer Renee Vargas, et al.*, Civ. Action No. 10-MC-10347-JLT (D. Mass. 2010) at ECF No. 5. In that case, plaintiff filed a complaint against Boston police officers in the United States District Court for the District of Columbia and the case was transferred to Massachusetts. The Massachusetts court noted that:

> Azubuko is an abusive filer . . . , and has been enjoined from filing civil actions in this Court. He has also been sanctioned a total of $7,000.00 for his

abusive pleading practices. Recently, United States District Judge Douglas P. Woodlock issued a Memorandum and Order modifying the original Order enjoining Azubuko to require that, before filing any pleadings in this Court, Azubuko must first pay the $7,000.00 in sanctions, unless the pleading is filed by duly-licensed counsel or unless the matter involves the threat of serious bodily harm or presents some other extenuating circumstance. The Memorandum and Order also provided that any pleading that did not comply with these directives would not be accepted for filing and would be returned by the Clerk. Additionally, Judge Woodlock requested that the United States Attorney's Office begin collection proceedings for the fines imposed against Azubuko. *See* Memorandum and Order (Docket No. 14, entered September 10, 2010), *In Re: Enjoined Litigant Azubuko*, 09mc10152-DPW.

Further, Azubuko has a history of attempting to circumvent the Orders enjoining him by filing his lawsuits in other Districts, only to have them transferred to the District of Massachusetts. Those other cases involved matters that arose in the District of Massachusetts (as in this case), and asserted claims against Massachusetts defendants (also as in this case). In light of this abusive pleading practice, Senior District Judge Edward F. Harrington imposed additional sanctions on Azubuko, and modified the Order enjoining him as follows:

> Upon receipt of any civil action filed by the Plaintiff in another District and subsequently ordered transferred to this District, the Clerk's Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Plaintiff. Should Plaintiff seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

Memorandum and Order (Docket No. 8 at 8, entered Nov. 11, 2007) in *Azubuko v. Empire Insurance Company, et al.*, Civil Action 07- 11958-EFH (discussing Azubuko's litigation history).

Here, the Clerk's Office failed to immediately close this action as required by Judge Harrington's directives. In light of this, the Court will not impose an additional sanction on Azubuko for wasting the judicial resources of this Court at this time. Nevertheless, the Court again WARNS Azubuko that further abusive pleading practices will not be tolerated. Should Azubuko continue to file cases in other Districts that involve matters arising out of the District of Massachusetts or involve Massachusetts defendants (thus demonstrating no

> logical connection to any other District except Massachusetts), this Court, in addition to dismissal of any transferred action, may impose an additional monetary sanction upon Azubuko. Moreover, Azubuko also is WARNED that these continued pleading practices will be deemed to constitute contumacious conduct that could result in civil and/or criminal contempt proceedings against him.
>
> Finally, this Court considers that the issues raised in this lawsuit do not fall outside the scope of Judge Woodlock's modified Order enjoining Azubuko, as they do not involve any serious risk of harm. Indeed, Azubuko is attempting to raise matters occurring almost 10 years ago; matters that are clearly barred by the statute of limitations for state torts and civil rights law claims in this District. Moreover, the claims against the unknown Assistant District Attorney are not cognizable as he/she is entitled to absolute prosecutorial immunity for bringing criminal proceedings against Azubuko and prosecuting him, notwithstanding that he alleges that the criminal charges were dismissed.

*Azubuko v. Boston Police Officer Renee Vargas, et al.*, Civ. Action No. 10-MC-10347-JLT (D. Mass. 2010) at ECF No. 5.

Where as here an action has been filed in the wrong jurisdiction, an order requiring transfer of venue to the proper court is issued. While the instant action must be transferred to Massachusetts for disposition, any future pleadings of this nature will be dismissed without transfer. Plaintiff is forewarned that abusive filing in this court will not be tolerated and his efforts to frustrate a lawful standing order in another district will not be condoned by this court. Accordingly, by separate order which follows, the case shall be transferred to the United States District Court for the District of Massachusetts.

DATED this 22nd day of June, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge
